UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE ZOURKAS, | ) | |
| | ) | Civil No. 5:20-cv-5069 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| JASON AARON PETERS and KRULL | ) | |
| FOODS OF HC, INC., | ) | |
| | ) | |
| Defendants | ) | |

COMES NOW the Plaintiff, by and through his attorney, Terence R. Quinn of The Quinn Law Firm, Rapid City, South Dakota, and for his causes of action against Defendants, states and alleges as follows:

**PARTIES**

1. At all times material hereto Plaintiff George Zourkas (hereinafter "Plaintiff") was a resident and citizen of Illinois, residing in Niles, Cook County, Illinois.

2. At all times material hereto the Defendant Krull Foods of HC, Inc., (hereinafter "Defendant Krull") was a South Dakota company, registered with the South Dakota Secretary of State to do business in South Dakota.  The principal place of business for Defendant Krull is 111 Ponderosa Ave., Hill City, South Dakota 57745.

3. Upon information and belief, at all times material hereto the Defendant Jason Aaron Peters (hereinafter "Defendant Peters") was a resident and citizen of South Dakota, residing in Hill City, Pennington County, South Dakota.

4. At all times material hereto, Defendant Peters was an employee and/or officer of Defendant Krull, and operating in his capacity as such.

## JURISDICTION AND VENUE

5.  This is an action for damages in excess of the Federal District Court's minimal jurisdictional limits of $75,000.00 as set forth in 28 USC § 1332(a)(1).

6.  This action is properly filed in Federal District Court due to diversity of citizenship between Plaintiff and Defendants, as requires by 28 USC § 1332(a)(1).

7.  Venue is proper in this District under 28 USC § 1391(a) because all or most of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## FACTS

8.  On or about the 9th day of August, 2018, both Plaintiff and Defendant Peters were operating motor vehicles at or near the intersection of US Highway 16  and Poplar St in the city of Hill City, Pennington County , South Dakota. Plaintiff was driving a 2007 Harley Davidson while Defendant Peters was driving a 2016 Ford 350 pickup owned by Defendant Krull.

9.  At or just prior to a crash between the named parties, Defendant  Peters was traveling eastbound on US Highway 16 in Hill City, South Dakota, while Plaintiff was traveling westbound on US Highway 16.

10. As said vehicles approached the intersection of Poplar St. and US Highway 16, Defendant Peters negligently, carelessly, and recklessly  executed a left hand turn into the path of Plaintiff's motorcycle  causing said motorcycle to crash into the rear quarter of Defendants' pickup.

11. Due to the negligence, carelessness and reckless operation of  Defendant Peters, Plaintiff suffered severe and permanent bodily injury and disfigurement.  In addition to such

injury, Plaintiff has has incurred and will continue to incur doctor, hospital, physical

therapy, travel and numerous other costs and expenses all exceeding $150,000.00.

12. At all times material hereto, Plaintiff was operating his motorcycle in a careful and

appropriate manner. When Defendant Peters turned in front of him, Plaintiff was forced

to lay his motorcycle down causing it and his body to scrape along the cement roadway

causing serious and permanent bodily injury.

**Count I**
**Negligence of Defendant Kirst**

13. Plaintiff hereby incorporates by reference the preceding twelve (12) paragraphs as if set

forth fully.

14. Defendant Peters operated his vehicle in a negligent, careless, and unlawful manner,

including but not limited to:

    a.  Careless driving;

    b.  Failing to keep a proper lookout;

    c.  Failing to yield the right-of-way; and

    d.  Defendant Peters was otherwise negligent.

15. As a result of the negligent acts of Defendant Peters, the vehicles collided, causing severe

injuries to Plaintiff, who was at all times acting in accordance with state law.

16. Defendant Peters' negligent acts were the proximate cause of the collision of the two

vehicles.

17. Defendant Peters' negligent acts were the legal cause of the collision of the two vehicles.

18. Similarly, Defendant Peters' acts as herein set forth were in direct violation of South Dakota law and Defendant Peters is therefore negligent as a matter of law.  Such negligence is the direct and proximate cause of the damages suffered by Plaintiff.

19. As a direct and proximate cause of Defendant Peters' negligence, Plaintiff has suffered mental and physical injury and pain; has suffered and will suffer for the remainder of his life a permanent impairment which restricts him from participating in the normal activities of life; has suffered diminished capacity to enjoy life; and has incurred medical expenses and will continue in the future to incur medical expenses.

20. As a direct and proximate cause of Defendant Peters' negligence, Plaintiff has suffered a loss of past and future income.

## Count II
## Negligence of Defendant Krull/Respondeat Superior

21. Plaintiff hereby incorporates by reference the preceding twenty (20) paragraphs as if set forth fully.

22. Defendant Krull is vicariously liable for the acts of its employee/officer, Defendant Peters, taken within the course and scope of his employment.

23. At all times material herein, Defendant Peters was acting within the course and scope of his employment with Defendant Krull.

24. As part of his ordinary employment duties, Defendant Peters was driving on behalf of his employer.

25. Defendant Krull's vehicle, driven by Defendant Peters, collided with Plaintiff's vehicle, causing severe injuries to Plaintiff.

26. Plaintiff was at all times acting in accordance with state law.

27. On information and belief, the conduct of Defendant Peters was consistent with the type of work he was employed by Defendant Krull to perform.

28. The negligence of Defendant Peters occurred within the authorized time and space of his employment duties.

29. Defendant Peters' acts as herein set forth were in direct violation of South Dakota law and Defendants are therefore negligent as a matter of law.

30. Because Defendant Peters was working within the scope of his employment at the time of the accident, his negligence is imputable to Defendant Krull. Such negligence is the direct and proximate cause of the damages suffered by Plaintiff.

31. Defendant Krull is liable for the damages directly and proximately caused to Plaintiff by Defendant Peters' negligence.   Plaintiff has suffered mental and physical injury and pain; has suffered and will suffer for the remainder of his life a permanent impairment which restricts him from participating in the normal activities of life; has suffered diminished capacity to enjoy life; and has incurred medical expenses and will continue in the future to incur medical expenses.

32. In addition, as a direct and proximate cause of Defendants' negligence, Plaintiff has suffered a loss of past and future income.

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and against Defendants and the following relief:

A.  Plaintiff seeks an award in excess of this Court's minimum jurisdictional limits of $75,000.00 exclusive of interest in costs;

B.  Compensatory damages, including but not limited to compensation for the costs of Plaintiff's past and future medical care, loss of future earnings, past and future pain, emotional distress and mental anguish caused by Defendants;

C.  Pre-judgment and post-judgment interest as allowed; and

D.  Such other and further relief as this Court deems equitable.

Dated this 4 day of November, 2020.

THE QUINN LAW FIRM

BY: _____
Terence R. Quinn (1411)
3620 Homestead St.
Rapid City, SD 57703
(605) 519-8623
Quinnlaw.tq@gmail.com

ATTORNEY FOR PLAINTIFF

PLAINTIFF REQUESTS TRIAL BY JURY

BY: _____
Terence R. Quinn

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GEORGE ZOURKAS

**DEFENDANTS**
JASON AARON PETERS and KRULL FOODS OF HC, INC.

**(b)** County of Residence of First Listed Plaintiff   COOK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PENNINGTON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
TERRY QUINN, THE QUINN LAW FIRM, 3620 HOMESTEAD ST., RAPID CITY, SD 57703

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)(1)

Brief description of cause:
AUTO ACCIDENT WITH DAMAGES IN EXCESS OF $75,000.00

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE
Nov 19, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____